IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KRISHNA MOTE, | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 4:07-CV-1571 |
| | : | |
| v. | : | (Judge Jones) |
| | : | |
| CAPTAIN JAMES W. MURTIN, | : | (Magistrate Judge Blewitt) |
| et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

**July 11, 2008**

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Pending before this Court is a Report (doc. 36), issued by Magistrate Judge Thomas M. Blewitt ("Magistrate Judge" or "Magistrate Judge Blewitt") on April 3, 2008, which recommends that Defendants' Motions to Dismiss (docs. 18, 23) be granted. Also pending before this Court is Plaintiff's Motion to Appoint Counsel (doc. 39), which was filed on April 21, 2008. For the reasons to follow, we will adopt the Report (doc. 36) to the extent it is consistent herewith, grant both pending Motions to Dismiss (docs. 18, 23), and deny as moot Plaintiff's Motion to Appoint Counsel (doc. 39).

**PROCEDURAL HISTORY:**

On August 27, 2007, Plaintiff Krishna Mote, through counsel, instituted the instant civil rights action pursuant to 42 U.S.C. § 1983. (See Rec. Doc. 1). As will be discussed more fully below, Plaintiff's action, which also includes pendent state law claims, allegedly arose out of state law enforcement officials' raid on a residence in which Plaintiff was located on January 23, 2007.

Prior to the filing of any responsive motions or pleadings, Plaintiff terminated his counsel via a letter dated November 30, 2007 (see doc. 14-2), and, thus, on January 7, 2008, Magistrate Judge Blewitt granted (doc. 16) a Motion for Leave to Withdraw as Counsel (doc. 14) that had been filed. Although Plaintiff sought and received several extensions of time in which to find a new attorney (see docs. 22, 31, 33), Plaintiff's efforts were apparently unproductive as, to date, no other attorney has entered an appearance on the docket on Plaintiff's behalf. Accordingly, since January 7, 2008, Plaintiff has been proceeding pro se in this action.

On January 14, 2008, Defendant Captain James W. Murtin ("Captain Murtin") filed one of the pending Motions to Dismiss (doc. 18), and on January 22, 2008, several other Defendants, the Borough of Lehighton ("the Borough") and Richard Roes #1-10 ("Roe Defendants"), filed their Motion to Dismiss (doc. 23).

The Magistrate Judge's April 3, 2008 Report (doc. 36) recommends that these Motions be granted.

On April 21, 2008, Plaintiff simultaneously filed Objections to the Report (see doc. 38) and a Motion (see doc. 39) requesting the appointment of counsel.

As the periods in which further briefing as to any of these matters have now passed, all pending submissions are ripe for our disposition.

**STANDARD OF REVIEW:**

When objections are filed to a report of a magistrate judge, we make a de novo determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge to which there are objections. See United States v. Raddatz, 447 U.S. 667 (1980). See also 28 U.S.C. §636(b)(1); Local Rule 72.3l. Furthermore, district judges have wide discretion as to how they treat recommendations of a magistrate judge. See id. Indeed, in providing for a de novo review determination rather than a de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. See id. See also Mathews v. Weber, 423 U.S. 261, 275 (1976); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

**FACTUAL BACKGROUND:**[1]

In his Report and Recommendation ("Report"), Magistrate Judge Blewitt summarizes the relevant factual background of the instant action based on his reading of the parties' submissions. (Rec. Doc. 36). Although we agree with the Magistrate Judge's summary, we review briefly the most pertinent portions thereof. See id. at 5-7 (discussing the Complaint's averments in detail). Unless otherwise noted, the recitation herein is derived from the Report.

On January 23, 2007, while Plaintiff was visiting a residence at 178 South First Street, in Lehighton, Pennsylvania, certain members of the Special Emergency Response Team ("SERT"), named as the John Doe ("Doe Defendants") and Roe Defendants herein, allegedly abruptly entered the residence with weapons drawn. Plaintiff alleges that despite his compliance with all orders from the SERT, he was then forced to the ground, handcuffed behind his back, and beaten. Plaintiff also alleges that he was dragged down a flight of stairs.[2]

Allegedly while still in the SERT's custody, Plaintiff was taken to two (2) different hospitals for treatment for his physical injuries. Plaintiff alleges that he

---

[1] As is required by the standard of review applicable to motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, see, e.g., Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008), for the purposes of our disposition herein only, we have accepted as true the averments contained within Plaintiff's Complaint.

[2] Plaintiff also alleges that during this time, the Doe and Roe Defendants were shouting racial epithets at him, and that none of the Caucasians in the residence were harmed during the raid.

remained in the second hospital for several days, and that the cost of his medical care for the injuries arising out of the above incident totals more than $75,000. Plaintiff further avers that he is likely to need further medical treatment in the future.

Finally, Plaintiff alleges that he was never charged with any crime with respect to the January 23, 2007 incident; however, on April 4, 2007, a thirteen (13) Count Indictment was filed in the Middle District of Pennsylvania against Plaintiff and ten (10) alleged co-conspirators.[3]  See United States v. Simelani, No. 3:07-CR-144, Doc. 1.  In the case before the Honorable James M. Munley, Plaintiff is charged with conspiracy to distribute and possess with intent to distribute in excess of fifty (50) grams of cocaine base, in violation of 21 U.S.C. § 846; and distribution and possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1).  Id. at 1-2, 4.  Notably, the time period relevant to the conspiracy charge against our Plaintiff is alleged to have begun in or about January 2006, and the distribution charge allegedly arose out of an incident on January 10,

---

3 We note that in disposing of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), courts may consider the allegations in the Complaint, exhibits attached thereto, and matters of public record.  See Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).  As the criminal proceedings in the above criminal case against our Plaintiff are a matter of public record, we take judicial notice of the same, rendering them appropriately considered in our determination herein.  We note also that although Defendant Murtin has attached to his Motion a Declaration from FBI Special Agent Kevin Wevodau, we see no reason to rely upon the same as our review of the criminal docket cited above has provided all of the information needed for our disposition.

2007, just days before the incident of which Plaintiff complains herein.  Id.

Significantly, our careful review of the United States v. Simelani, No. 3:07-CR-144, docket reveals that to date, Mote has not yet had an initial appearance before Judge Munley.[4]  Thus, we take judicial notice that Mote remains a fugitive with respect to said criminal action.

**DISCUSSION:**

In the Report, Magistrate Judge Blewitt recommends, inter alia, that we grant Defendants' Motions to Dismiss Plaintiff's Complaint (docs. 18, 23).  In support of said recommendation, the Magistrate Judge reasons that the ground relied upon in the Motions, the fugitive disentitlement doctrine, bars the instant action.  The Magistrate Judge also recommends that pursuant to Rule 4(m), we dismiss without prejudice the claims against the unidentified and unserved Doe Defendants, and that we decline to exercise jurisdiction over the pendent state claims.

In his post-Report submissions (see docs. 38-40), Plaintiff appears to both object to the Report and request the appointment of counsel.  However, none of the arguments raised, authorities cited, or appended documents raise a legitimate ground upon which to reject the Report or the Magistrate Judge's considered

---

4 Accordingly, no attorney has yet entered an appearance on behalf of Mote in the criminal action.

analysis therein. Recognizing that we must liberally construe this Plaintiff's pro se filings, we, nevertheless, find that his arguments and authorities amount to no more than collateral attacks on the pending criminal action. (See, e.g., Rec. Docs. 38 at 4; 39 at 4; 40 at 4 (citing Federal Rule of Criminal Procedure 4(c)(4)'s provision regarding return of executed arrest warrants and inaccurately asserting that the criminal docket indicates that he has been arrested on the pending criminal charges)). Further, Attachments 1 through 7 to Defendant's latest submission (see doc. 40 at 9-17), which include , e.g., several items of correspondence from Plaintiff's original counsel in this action, Plaintiff's complaint to the Pennsylvania State Police, and a responsive letter from the Pennsylvania State Police, are immaterial to the legal issue currently before us.

Rather, as the Magistrate Judge's Report reflects, the Third Circuit has acknowledged that the fugitive disentitlement doctrine, originally utilized to dismiss fugitives' criminal appeals, see Molinaro v. New Jersey, 396 U.S. 365, 366 (1970), may be appropriately applied to fugitives' civil actions in certain circumstances. See Marran v. Marran, 376 F.3d 143, 149 (3d Cir. 2004) (deciding that because a party's assumed fugitive status in state proceedings had no effect on the pending appeal, the fugitive's actions were an affront to Pennsylvania state courts rather than the District Court in which the civil action was pending, and the

nature of the state proceedings resulted in the fugitive also representing a child's interest, the fugitive disentitlement doctrine would not be applied in order to dismiss the assumed fugitive's appeal).  In fact, subsequent to its decision in Marran, the Third Circuit affirmed a District Court's dismissal, with prejudice, of a fugitive's Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, action.  Maydak v. United States Dep't of Educ., 150 Fed. Appx. 136, 137 (3d Cir. 2005) (stating that "Degen [v.United States, 517 U.S. 820 (1996)], does not operate as an absolute bar to applying the fugitive disentitlement doctrine in a civil case on the ground that the criminal fugitive's flight operates as an affront to the dignity of the court.").

Although we recognize that the Third Circuit's opinion in Maynak is not precedential, our reading of the same in light of Marran, leads us to conclude that in this Circuit, given "the District Court's inherent authority to control the proceedings before it," Maynak, 150 Fed. Appx. at 138, a fugitive's civil action may be dismissed pursuant to the fugitive disentitlement doctrine if: 1) the party is a fugitive at the time of the case's dismissal; 2) "there [is] enough of a connection between [the party's] fugitive status and [the civil case] to justify application of the doctrine, Ortega-Rodriguez [v. United States, 507 U.S. 234, 246 (1993)]," Maynak, 150 Fed. Appx. at 138; 3) the party's fugitive status is an "affront to the dignity" of

the same court as that in which the civil action is pending, id.; and 4) "the sanction was not excessively harsh or extreme."[5] Id.

Our review of the Report and relevant legal authorities lead us to agree wholeheartedly with the Magistrate Judge's recommendation that the circumstances of this action warrant dismissal based upon the fugitive disentitlement doctrine.[6] Indeed, our thorough review of the docket in United States v. Simelani, No. 3:07-CR-144, leads us to conclude that our Plaintiff remains a fugitive in a criminal action in this Court and that given the dates involved, the events of January 23, 2007, which are at issue in this action, certainly appear to be connected to said criminal action. Moreover, dismissal of Plaintiff's federal[7] causes of action with prejudice is not excessively harsh or extreme given

---

5 Notably, in Maynak, the Third Circuit found that dismissal of the FOIA action with prejudice was not excessively harsh or extreme because the District Court for the District of Columbia, "having not been flouted, might well determine that dismissal in the Western District of Pennsylvania . . . does not operate as a bar to suit in the District of Columbia (an issue we leave to that able court)." Id.

6 We note that in light of our decision to dismiss this action, we will deny as moot Plaintiff's Motion to Appoint Counsel. (See Rec. Doc. 39). We further note that assuming arguendo said Motion was not mooted by our disposition herein, we would, nevertheless, conclude that in light of the relevant Tabron and Gonzalez factors and Plaintiff's own decision to terminate his original counsel prior to obtaining other counsel would have led us to deny the Motion on the merits. See Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993); Gordon v. Gonzalez, No. 04-4623, 2007 WL 1241583, at * 2 n.4 (3d Cir. Apr. 30, 2007).

7 We will accept the Magistrate Judge's recommendation to decline to issue jurisdiction over Plaintiff's pendent claims, see, e.g., United Mine Workers v. Gibbs, 383 U.S. 715 (1966), as we are unclear as to whether the same may be dismissed with prejudice pursuant to the fugitive disentitlement doctrine. However, we will not accept the Magistrate Judge's recommendation to dismiss Plaintiff's claims against the Doe Defendants without prejudice pursuant to Rule 4(m)

that Plaintiff could, at least theoretically, see Maynak, 150 Fed. Appx. at 138, raise the same in the Eastern District of Pennsylvania, wherein his address on our docket places him, or whatever United States jurisdiction in which he may be now residing.  In short, the circumstances before us lead us to conclude that our Plaintiff's fugitive status as to criminal charges pending before our Court "disentitles the [plaintiff] to call upon the resources of the Court for determination of his claims." Molinaro, 396 U.S. at 366.

**CONCLUSION:**

For all of the aforestated reasons, we will overrule Plaintiff's Objections to the Report, adopt the learned Magistrate Judge's Report to the extent it is consistent herewith, grant the Motions to Dismiss, and deny as moot Plaintiff's Motion to Appoint Counsel.

An appropriate Order closing this action shall issue on today's date.

---

because we are confident that the fugitive disentitlement doctrine is equally applicable to the same in spite of Plaintiff's inability to identify and serve said Defendants.